O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FRUEHAUF TRAILER, Debtors,<br>CHRISS STREET,<br>        Appellant,<br>   v.<br>DANIEL HARROW, as Successor Trustee of the End of the Road Trust and American Trailer Industries, Inc.,<br>        Appellees. | Case No. CV 10-02312 DDP<br>**ORDER AFFIRMING THE DECISION OF THE BANKRUPTCY COURT**<br>re Bankruptcy Case 96-1563-96-152, adversary number 08-1865-RN. |

This matter comes before the court on appeal from the bankruptcy court's judgment in favor of Plaintiffs-Appellees. After reviewing the materials submitted by both parties and considering the arguments therein, the court AFFIRMS the decision of the bankruptcy court and adopts the following order.

cc: US Bankruptcy Court

cc: US Trustee's Office

**I. Background**

Appellant in this matter is Chriss Street ("Street"), who formerly served as the trustee to the "End of the Road Trust." (Appellant's Brief 2.) Appellees in this matter include Daniel Harrow ("Harrow"), the new trustee for End of the Road Trust, and American Trailer Industries, Inc ("ATII"). Street appeals from a bankruptcy court's judgment against him for over $7 million dollars. (Appellant's Excerpts of Record ("ER") 530-32.)

The chapter 11 bankruptcy of Fruehauf Trailer Corporation resulted in a debtors's amended plan of joint organization (the "Plan") that was confirmed on September 17, 1998, pursuant to an order. (ER 536:1-4.) The Plan called for a Delaware liquidation trust, through which Street and the Debtors entered into a Liquidating Trust Agreement. (Appellant's Brief 6.) The Liquidating Trust Agreement created the End of the Road Trust. (EOR 536:4-9.)

Notably, the Liquidating Trust Agreement prohibited the Trustee, i.e. Street, from "engag[ing] in any trade or business, including, without limitation, the purchase or any asset or property, (other than such assets or property as are necessary to preserve, conserve and protect . . . [the End of the Road Trust])." (ER 538:24-26.) The Liquidating Trust Agreement also barred sizable financial transactions without first obtaining the Trust Advisory Committee's ("TAC") prior approval. (ER 539:3-15.)

Section 8.3.1 of the Trust Agreement expressly exculpated the End of the Road Trust's Trustee of any liability from his acts or omissions, unless those acts or omissions constituted gross negligence or willful misconduct:

2

> No provision of the Agreement shall be construed to impart any liability upon the Trustee unless it shall be proved in a court of competent jurisdiction that the Trustee's actions or omissions constituted <u>gross negligence</u> or <u>willful misconduct</u> in the exercise of any right, power or duty vested in him under this Agreement.

(Appellant's Brief 7 (emphasis added).)

Section 8.3.3 also concerned liability of the Trustee under the Agreement:

> Within the limitations and restrictions expressed and imposed herein, the Trustee may act freely with respect to the exercise of any or all of the rights, powers and authority conferred hereby in all matters concerning the Trust Estate after forming his best judgment based upon the circumstances without the necessity of obtaining the consent or permission or authorization of the Beneficial Interestholders or of the Court, any other court, official, or officer. . . . Further, the Trustee shall not be liable for any act or omission in connection with the administration of this Liquidating Trust, or the exercise of any right, power, or authority conferred upon him hereunder, unless it shall be proved that such Trustee was <u>grossly negligent</u> or acted in a manner which constituted <u>willful misconduct</u>.

(Appellant's Brief 8 (emphasis added).)

Additionally, Section 8.5.1 provided the Plan's trustee with indemnification for any legal expenses incurred in connection with the End of the Road Trust, subject to the same exception for gross negligence or willful misconduct. (Appellant's Brief 9.)

Street served as trustee of the End of the Road Trust between November 19, 1999 and August 1, 2005. (ER 5:3-5.) During that time, Street acted as sole director and chief executive of Frudemex – the most valuable asset of the End of the Road Trust. (ER 537:14-18.) After a series of name changes, Frudemex became known as

3

American Trailer Industries, Inc ("ATII"). (ER 537:25-28.) In November 1999, Street, acting as trustee, purchased American Trailer Manufacturing ("ATM"), a bankrupt trailer manufacturer, for over $2 million. (ER 539:17-19, 540:5-7.) This purchase was not approved by the TAC. (ER 540:5-8.) ATII paid over $1.1 million of ATM's expenses. (ER 540:17-19.) These business transactions were not authorized by the TAC or any court. (ER 540:14-16.) In a series of similar unauthorized transactions, Street acquired Dorsey Trailer Corporation, (ER 540:20-541:1), before eventually incurring further loss to the End of the Road Trust of over $3.3 million. (ER 542:3-5.)

In February 2007, Appellees filed suit in the U.S. Bankruptcy Court for the District of Delaware. In October 2008, the matter was transferred to the U.S. Bankruptcy Court for the Central District of California. During a two-day bench trial, Tasha Dolan, former Comptroller of the End of the Road Trust and former President and CFO of Dorsey, testified in Street's defense. Dolan testified that all of these transactions were geared towards building a much larger company, with the intent to tender a public offering. (ER 201:10-202:12.)

The bankruptcy court found Street was liable for over $3 million in damages to the trust for his acquisition of and business with ATM. (ER 531 n.2.) The bankruptcy court also ordered Street to repay monies received from "excess salary compensation," as well as from reimbursement of personal expenses totaling almost $500,000. (Id.) In total, the bankruptcy court calculated the loses to the End of the Road Trust due to Street's actions to amount to over $7 million. (ER 532.) The court further found that

Street "willfully engaged in various acts of self-dealing and breach of duty . . . amount[ing] to gross negligence and willful misconduct." (ER 560:25-561:1.) As a result of this conduct, the bankruptcy court found that the Liquidation Trust Agreement barred indemnification. (ER 560:14-27.)

Street appealed the portions of that judgement stemming from liability from (1) ATM, (2) Dorsey Trailer Corporation, (3) excess salary payments, and (4) reimbursement of personal expenses. (Appellant's Brief 16.)

On appeal, Street argues that the bankruptcy court's finding that Street's actions as trustee amounted to gross negligence or willful misconduct is clearly erroneous. Accordingly, Street argues that the Liquidation Trust Agreement exculpated (or indemnified) his actions.

**II. Legal Standard**

Federal district courts have jurisdiction to review appeals from final orders and judgments of bankruptcy courts. 28 U.S.C. § 158(a). In determining an appeal from the bankruptcy court, findings of fact are reviewed under the clearly erroneous standard, and conclusions of law are reviewed de novo. In re Salazar, 430 F.3d 992, 994 (9th Cir. 2005); In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990). A determination of negligence is "generally recognized as a mixed question of law and fact." United States v. Babbs, 483 F.2d 308, 311 (9th Cir. 1973). Yet, based upon McAllister v. United States, 348 U.S. 19, 20-21 (1954), the appellate review of a negligence finding is "governed by the clearly erroneous standard." Miller v. United States, 587 F.2d 991, 994 (9th Cir. 1978); Armstrong v. United States, 756 F.2d

1407, 1409 (9th Cir. 1985). For a district court to conclude that a bankruptcy court's findings were clearly erroneous, it must be left with a "definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This court reviews questions of law de novo. See Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006).

**III. Discussion**

The parties argue over whether the Delaware Statutory Trust Act or Delaware common law controls. Street argues that pursuant to the Delaware Statutory Trust Act, DEL. CODE 12 § 3801, et seq., the Liquidation Trust Agreement properly exculpated (or indemnified) him for any actions he took as trustee of the End of the Road Trust. Appellees contend that the Delaware Statutory Act is inapplicable. Instead, Appellees maintain that Delaware common law applies because a certificate of trust, as required under § 3801 for the Delaware Statutory Trust Act to apply, was never filed. The court, however, need not reach the issue of which body of law governs.

Under either the Delaware Statutory Trust Act or Delaware common law a trust agreement cannot exculpate a trustee's gross negligence or willful misconduct. See McNeil v. McNeil, 798 A.2d 503, 509 (Del. 2002); RESTATEMENT (SECOND) OF TRUSTS § 222. Here, the bankruptcy court, in examination of Street's acts and omissions, found gross negligence and willful misconduct in violation of his duties delineated in the End of the Road Trust and his duty of loyalty as trustee. (ER 551:14-17, 560:27-561:2.) Because the court affirms the Bankruptcy court's finding of willful misconduct and

6

gross negligence, the court need not reach the issue of whether Delaware common law or the Delaware Statutory Trust Act governs.

Street concedes that he is liable for any acts of gross negligence or willful misconduct during his tenure as the End of the Road Trust's trustee. (Appellant's Brief 24.) He contends, however, that at most his behavior constituted "business conduct that unfortunately didn't produce the results that [he] hoped for." (Appellant's Brief 27.)

This court reviews the Bankruptcy court's determination that Street was grossly negligent and engaged in willful misconduct for clear error. In its Memorandum of Decision After Trial ("Memorandum"), the bankruptcy court first explained the express limitations of the Liquidation Trust Agreement, which included a restriction prohibiting the Trustee from "enter[ing] into or engag[ing] in any trade or business, including, without limitation, the purchase or any asset or property, (other than such assets or property as are necessary to preserve, conserve and protect [the Trust]. . . . (ER 538:24-26.) The court further acknowledged that the Liquidation Trust Agreement barred certain financial transactions without first obtaining the TAC's prior approval. (ER 539:3-15.)

The court went on to review in detail what it described broadly as a case in which a "fiduciary lost sight of his mandate to liquidate trust assets." (ER 536:12-15.) In particular, the court set forth in detail the monetary losses that the End of the Road Trust sustained as a result of Street's activities relating to: (1) ATM, (2) Dorsey Trailer Corporation, (3) excess salary payments, and (4) reimbursement of personal expenses. (ER 539:17-

551:9.) Ultimately, the court found Street had been grossly negligent when he acted in direct violation of his stated mandate, namely to liquidate the trust's assets. Indeed, Street ignored the Liquidation Trust Agreement's express prohibitions by purchasing and attempting to operate a large business for seven years instead of, as the End of the Road Trust stipulated, liquidating assets. Street's actions as Trustee resulted in losses of "significant sums of money otherwise available for its beneficiaries." (ER 536:16-18.) The bankruptcy court's findings are reasoned and supported. The court points out, for example, that Street purchased and operated bankrupt companies with trust funds that, ultimately, yielded no investment return. Based on the bankruptcy court's reasoned and detailed analysis, this court is not left with a "definite and firm conviction that a mistake has been committed." U.S. Gypsum Co., 333 U.S. at 395. Therefore, the bankruptcy court's finding that Street was grossly negligent in his management of the End of the Road Trust is not clearly erroneous, and this court affirms that finding.

Turning to the trustee's duty of loyalty, the bankruptcy court again examined Street's actions in connection with (1) ATM, (2) Dorsey, (3) excess salary payments, and (4) reimbursement of personal expenses. (ER 551:23-559:10.) In support of the court's conclusion that Street breached his common law duty of loyalty under DEL. CODE 12 § 3581, the court found it significant that Street acquired assets that ultimately lost money, while also enriching himself at the expense of the trust. (ER 555:5-15). The court also considered Street's failure to seek the requisite permission for his business decisions, as well as his failure to

preserve records and potential legal claims. (ER 557:9-18; 558:19-23.)

Street contends that the bankruptcy court "scrutinized" his decisions and actions solely based upon their outcomes, which cannot "justify millions of dollars in liability against him." (Appellant's Brief 27-28). Moreover, he argues that the only evidence providing a factual foundation for the court's conclusions rests on a "brief comment during the testimony of Tasha Dolan, former Comptroller of End of the Road Trust and former President and CFO of Dorsey." (Appellant's Brief 26.) This evidence, Street argues, is "mere[] speculation." (Id.) Street further contends that the bankruptcy court erred in so far as the court found no motive for Street's actions to support its finding of misconduct. (Id.) The court is not persuaded.

Clear error is a high bar. To support a determination of gross negligence or willful misconduct, the bankruptcy court had to find that Street was "reckless[ly] indifferen[t] or [that he] deliberate[ly] disregard[ed]. . . [a] trustee's fiduciary duty." In re Continental Coin Corp., 380 B.R. 1, 4 (Bankr. C.D. Cal 2007). Likewise, Black's Law Dictionary defines "gross negligence" as "[a] conscious, voluntary act or omission in reckless disregard of a legal duty [which imposes] consequences [upon] another party." Black's Law Dictionary 1134 (9th ed. 2009). The bankruptcy court's failure to offer a motive for Street's actions is irrelevant, so long as he intentionally or recklessly disregarded his duties as a trustee.

As discussed above, the bankruptcy court supported its finding with careful consideration of the record and detailed findings.

9

Nothing Street has presented demonstrates that the bankruptcy courts findings of gross negligence and willful misconduct – in relation to Street's unauthorized business transactions, overpayment of salary, and reimbursement of personal expenses – were clearly erroneous.  The court, therefore, affirms the bankruptcy court.

Because the court concludes that the bankruptcy court's findings were not clearly erroneous, it does not address as moot Street's argument that the Liquidation Trust Agreement's exculpatory clause shields him from liability for negligence, or that the Trust Agreement's indemnification clause obligates reimbursement for his legal fees or payment of other monies. Street's actions were not merely negligent, but rather, grossly negligent and, therefore, the exculpatory clause and the indemnification clause – which relate only to mere negligence – do not apply.

**IV. Conclusion**

For the foregoing reasons, the court AFFIRMS the decision of the bankruptcy court.

IT IS SO ORDERED.

Dated: May 23, 2011

DEAN D. PREGERSON
United States District Judge